*459 OPINION.
Green :
The amount of $7,139 was not a true loss on December 31, 1920. It was nothing more than an anticipated loss. The petitioner did not have in its possession on December 31, 1920, any of the flour for which it had contracted. It had paid nothing on the contracts nor had it acquired title to any of the flour. The only liability of the petitioner would occur after January 1, 1921, when the flour would be delivered. It was then bound under the terms of the contract to accept the flour on certain specified dates and to pay for the same on the date of delivery, all of which was to occur subsequent to December 31, 1920.
*460 A similar question was before the Board in the Appeal of Haas Bros., 3 B. T. A. 113, in which case, at the close of the year, the taxpayer had outstanding contracts to purchase merchandise, which was undelivered. The taxpayer set up on its books as a loss the difference between the contract price and the market price and deducted such alleged loss upon its income-tax returns. It was there held that as title to such goods had not passed at the close of the year, such goods could not be included in inventory and no deduction could be taken.
The Board has held in the Appeal of Ewing-Thomas Converting Co., 1 B. T. A. 121; Appeal of Morrison-Ricker Manufacturing Co., 2 B. T. A. 1008, and Appeal of Haas Bros., supra, that there is no provision in the law which permits the deduction of anticipated or prospective losses.

Judgment will l>e entered for the respondent.

Considered by Sterniiagen, LaNsdox, and AetjNdell.